## THOMAS O. PENNIMAN *et al.* *versus* ASA FRENCH.

*Promissory notes were* held *not to pass by a bequest of* in-door movables.

HANNAH THAYER, having devised to her sister Sarah Penniman for life the use of all her real estate and of her clock, to the south parish in Braintree the reversion of the real estate, to Relief Reed 150 dollars, and to Relief Reed, Dorcas Penniman and Susannah Reed, one third part, each, of the testatrix's wearing apparel and linen, except bed linen, devises as follows : " Also I give and bequeath to Thomas O. Penniman 100 dollars, to be paid in one year after my decease. Also I give him my clock after the decease of my sister Sarah Penniman. Also I give him my chaise, easy chair, and all my out-door movables, except my stock and hay, after my decease. Also two thirds of my in-door movables, except what is already disposed of." She then gives 100 dollars to Atherton Wales, and 50 dollars to Francis Faxon. The will then proceeds : " I give and bequeath to William Reed the second, 50 dollars, in one year after my decease. Also I give him one cow, such as he shall choose ; also one third of my in-door movables after my decease." She then gives her best bed, bedstead and bedding to Hannah T. Penniman, 50 dollars to John Faxon, and her gold necklace to Prudence Hunt. And lastly, she appoints Asa French executor of her will.

In the inventory of the testatrix's property her real estate was appraised at $1000 ; her personal estate, embracing household goods, cows, hay, farming utensils, &c., at $494·75 ; and nine promissory notes and $182 in cash, at $950·20.

At a Court of Probate in September 1833, the executor presented his administration account for allowance, in which, after deducting the debts and legacies, he charged himself with a balance of $460·10, including three of the promissory notes for $360. This balance the judge of probate ordered to be distributed among the heirs at law of the testatrix, and from this decree Thomas O. Penniman and William Reed 2d appealed, claiming the balance as legatees.

*Metcalf*, for the appellants, said it was manifest that the testatrix intended to devise the whole of her property ; and he contended that the words *in-door movables* were sufficient to carry these notes of hand. *Kendall* v. *Kendall*, 4 Russell, 370 ; *Moore* v. *Moore*, 1 Bro. C. C. 128 ; *Ryall* v. *Rolle*, 1 Atk. 182 ; Metcalf's Yelv. 68 *b*, note ; *Anon.* 1 P. Wms. 267 ; Swinb. *pt.* 7, § 10 ; Godolph. 392, 407 ; *Jackson* v. *Robinson*, 1 Yeates, 101 ; *Roome* v. *Counter*, 1 Halsted, 111 ; *Sutton* v. *Sharp*, 1 Russell, 146 ; *Hearne* v. *Wigginton*, 6 Maddock, 119.

*King*, for the appellee.

Putnam J. afterwards drew up the opinion of the Court. The question is, whether promissory notes pass by a bequest of in-door movables.

There is no residuary clause in the will. In the bequests to Thomas O. Penniman and William Reed 2d, what did the testatrix mean by " in-door movables " ? She contrasts them with " out-door movables."

The word *movable* is derived from the civil law, and is one of the two great divisions into which property is divided ; *bona mobilia* and *bona immobilia*. Dr. Johnson defines *movables*, as " goods ; furniture : distinguished from real or immovable possessions, as lands or houses." And by the Dictionnaire de l'Académie Française, we learn that the word is usually understood to signify the utensils which are to furnish or ornament a house.

The term *movables, bona mobilia*, would seem to comprehend personal property ; and, if used without any adjunct or explanation, would include *mobilia quæ se movent vel ab aliis moventur*, movables which move themselves, as well as movables which are moved by other or foreign agency or power. In Termes de la Ley, the word *Catals*, or *chattels*, is said to comprehend goods movable and immovable, except such as are in nature of freehold, and parcel of it. That is a book of great antiquity and accuracy, as is observed by *Bayley* J. in 5 Barn. & Cressw. 229. But the word *bona, goods*, in the civil law, includes chattels real as well as personal, and also lands.

Stamf. Prærog. Reg. *c.* 16. The word *catalla* includes

the issues and profits of lands of felons who fly for felony, emblements, rights of action to goods or where one is indebted to the felon by obligation.

A devise by one, of " all his goods," was held to pass a bond, and to extend to all personal estate ; *per* Lord *Cowper*, *Anon.* 1 P. Wms. 267. But if there had been a limitation or further description, as if the bequest had been " of all my goods and chattels in Suffolk," it would not have passed a bond which was found in the testator's house in Suffolk. *Moore* v. *Moore*, 1 Bro. C. C. 127. And the reason is, that choses in action have no locality, but are considered as strictly following the person of the owner, and not as attached to or parcel of a particular estate.

So in *Fleming* v. *Brook*, 1 Sch. & Lefroy, 318 ; a bequest of all my property of whatsoever nature or kind the same may be, that shall be found in my house in D, except a bond of F. M. in my writing-box in said house, does not pass a bond from G. C. to the testator, and several bankers' accountable receipts for large sums of money ; upon the ground that choses in action have no locality.

By the Code Napoleon, *art.* 534, the words *goods movable (meubles meublants)* only comprehend movables destined for the use and ornament of an apartment, as tapestries, beds, &c. And *art.* 536 ; the sale or gift of a house with all therein contained, does not comprehend ready money, nor credits, nor other rights of which the titles may be deposited within the house. Same point, in Ayliffe's Civ. Law, *bk.* 3, tit. 2, page 278, 279. Rights of action, debtors' accounts, &c., are not circumscribed to place, as corporeal goods are.

Now the bequests under consideration are not of *all* movables, but of *in-door* movables, restraining and limiting the same to such as were used as furniture or household stuff in the testatrix's house, and did not, as we all think, comprehend the promissory notes which were due to the testatrix. These were to be considered as choses in action, not appertaining to the house, but to the person, following the person whether in-door or out-door. We believe this construction will be according to the intent of the testatrix, as well as to the reason of the authorities which bear upon the question.

Let the decree of the judge of probate be confirmed, and the cause remitted, to the end that the estate may be settled accordingly.